UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 05-80178

v.                                    Judith E. Levy
                                    United States District Judge

Christopher Lee Bowens,

                Defendant.

_____/

**OPINION AND ORDER DENYING**
**<u>DEFENDANT'S REQUEST [61]</u>**

Before the Court is Defendant Christopher L. Bowens' letter, which appears to be a request for compassionate release. (ECF No. 61.) Although the letter is addressed to Judge Stephen J. Murphy, III, Defendant's case was reassigned to the undersigned on October 10, 2018. (ECF No. 58.)

On August 16, 2005, Defendant was sentenced to a term of imprisonment of 110 months and three years of supervised release after he pled guilty to three counts of bank robbery in violation of 18 U.S.C. § 2113(a). (ECF No. 11, PageID.15–16; ECF No. 24.) On January 18, 2006,

Defendant's sentence was amended to a term of imprisonment of 80 months with three years of supervised release. (ECF No. 30.)

On February 21, 2018, Defendant had a hearing regarding a supervised release violation. He admitted guilt to two violations of his terms of supervised release. (ECF No. 57.) Defendant was sentenced to 21 months consecutive to his then-current Michigan Department of Corrections sentence, as well as a term of supervised release of one year. (*Id.* at PageID.130–131.)

On July 14, 2021, Defendant filed this letter requesting that the Court alter his sentence regarding his supervised release violation. (ECF No. 61.) He asks that his sentence be altered to run concurrently, not consecutively, to his state sentence. (*Id.* at PageID.147.) It appears that he sent the letter while serving his state sentence. (*Id.* at PageID.144.)

Defendant does not identify a statute under which he seeks relief. As such, the Court will construe his request as a motion for compassionate release.

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, a motion for compassionate release or modification of a sentence may be filed the Director of the Bureau of Prisons ("BOP") or by "an

imprisoned person . . . after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *See United States v. Jones*, 980 F.3d 1098, 1104–05 (6th Cir. 2020) (citations omitted).

In resolving compassionate release motions, courts in the Sixth Circuit apply a three-step inquiry. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). First, "the court must 'find' that 'extraordinary and compelling reasons warrant [a sentence] reduction.'" *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). Second, the Court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission.'" *Id.* (quoting *Jones*, 980 F.3d at 1101). Third, the Court must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Court must find that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof":

3

(1) the medical circumstances of the defendant, (2) the age of the defendant, (3) the family circumstances of the defendant, (4) whether the defendant was a victim of abuse while in custody, and (5) "Other Reasons." *See* U.S.S.G. § 1B1.13(b)(1)–(5); *see also United States v. Bricker*, 135 F.4th 427 (6th Cir. 2025) (holding that U.S.S.G. § 1B1.13(6) is invalid and may not be considered). Under the "Other Reasons" provision, a court may consider "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." *Id*. at § 1B1.13(b)(5). Rehabilitation alone does not qualify as an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id*. at § 1B1.13(d).

Defendant's request must be denied for several reasons.

Defendant's request does not demonstrate that he exhausted his administrative remedies. Pursuant to 18 U.S.C. § 3582(c)(1)(A), an imprisoned person may file a motion for compassionate release "after (1) exhausting the BOP's administrative process; or (2) thirty days after

4

the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1104–05 (citations omitted). Defendant does not state or submit any evidence that he exhausted the BOP's administrative process. As such, the Court would deny this request. And finally, setting aside whether Defendant exhausted his administrative remedies, he has not presented "extraordinary and compelling reasons" that would warrant a change in his sentence. That said, the Court commends Defendant for completing so many programs and for the thoughtful remarks he sent to his sentencing judge, the Honorable Stephen J. Murphy.

Accordingly, the Court DENIES Defendant's request. (ECF No. 61.)

IT IS SO ORDERED.

Dated: October 3, 2025           s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                                           United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 3, 2025.

                                            s/William Barkholz
                                            WILLIAM BARKHOLZ
                                            Case Manager